FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REYNALDA C., on behalf of B.A.C., a minor child,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:20-CV-3195-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS <br><br><br> **ECF No. 18, 19** |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney D. James Tree represents Reynalda C., who appears on behalf of her minor daughter, B.A.C. (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

(Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

On May 21, 2018, Reynalda C. filed an application for childhood Supplemental Security Income (SSI) benefits, on behalf of Plaintiff, alleging Plaintiff had been disabled since May 1, 2018, due to Scoliosis, ADHD, and Flat Feet. Tr. 171, 270. On April 24, 2020, an administrative hearing was held before Administrative Law Judge (ALJ) Richard Hlaudy, at which time testimony was taken from Plaintiff's mother, Reynalda C., and medical expert Donald Dian, M.D. Tr. 33-63. The ALJ issued a decision finding Plaintiff was not disabled on May 27, 2020. Tr. 17-28. The Appeals Council denied review on September 11, 2020. Tr. 1-8. The ALJ's May 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 10, 2020. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was born on March 20, 2003, and was 15 years old on the date of the disability application, May 21, 2018. Tr. 171. At the April 2020 administrative hearing, Plaintiff's mother, Reynalda C., testified Plaintiff was a junior in high school and had been taking special education classes. Tr. 41, 43-44. Reynalda C. testified Plaintiff had difficulty with concentration, Tr. 44, and pain in her feet and back from having flat feet, Tr. 46.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

The medical expert, Donald Dian, M.D., testified Plaintiff had stable scoliosis; flat feet requiring no treatment or further evaluation; a moderate depressive disorder in remission; attention deficit disorder; and suggested fetal alcohol syndrome (no definitive diagnosis). Tr. 49-53. Dr. Dian noted Plaintiff was also receiving extra instruction in math and reading, Tr. 50-51, and stated Plaintiff "definitely has learning disabilities," Tr. 52. Regarding Plaintiff's ADHD, Dr. Dian testified the record reflected Plaintiff was frequently distracted, had difficulty sustaining attention, and significant difficulty in learning, but was not hyperactive or impulsive and did not display recurrent motor activities. Tr. 54-55. Dr. Dian opined Plaintiff's understanding, remembering, and applying information was markedly impaired, but she had no limitation with interacting with others; her concentration, persistence, and pace was less than marked impaired; and she had no limitation with adapting and managing self. Tr. 55-57. With respect to the domains, Dr. Dian opined Plaintiff's using and acquiring information was markedly impaired and attending and completing tasks was less than markedly impaired, but she had no limitation in the remaining domains (interacting/relating to others; moving about and manipulating objects; caring for herself; and health and well-being). Tr. 58.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there. If not, the Commissioner decides whether the

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

child's impairments result in limitations that functionally equal a listing. 20 C.F.R. § 416.926a(a). In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

>  (i) What activities are you able to perform?
>
>  (ii) What activities are you not able to perform?
>
>  (iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?
>
>  (iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?
>
>  (v) Do you have difficulty independently initiating, sustaining, or completing activities?
>
>  (vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments." Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 09-1p, 2009 WL 396031 * 1 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

activities and limitations and restrictions." *Id*. citing 20 C.F.R. § 416.926a(c). The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings. Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b). The severity of limitation in each affected functional domain is then considered. This technique is referred to as the "Whole Child" approach.

## ADMINISTRATIVE DECISION

On May 27, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date, May 21, 2018. Tr. 18.

At step two, the ALJ determined Plaintiff suffered from the following severe impairments: attention deficit hyperactivity disorder (ADHD), depression, scoliosis, and pes planus (flat feet). Tr. 18.

The ALJ found at step three that Plaintiff's impairments did not meet, medically equal, or functionally equal the criteria of any of the Listings impairments. Tr. 18-28. With regard to functional equivalence, the ALJ specifically concluded Plaintiff had a marked limitation in acquiring and using information, Tr. 22, but less than a marked limitation in attending and completing tasks, no limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in caring for herself, and no limitation in health and physical well-being, Tr. 23-24. The ALJ thus determined Plaintiff's impairments did not result in two marked limitations or one extreme limitation in any of the six domains. Tr. 28. Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at

any time from the May 21, 2018 disability application date, through the date of the ALJ's decision, May 27, 2020.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred in this case by (1) not properly assessing the domains; (2) not properly assessing the opinion evidence; and (3) not assessing Plaintiff's severe medically-determinable disorders.  ECF No. 18 at 1.

## DISCUSSION

**A.    Jena Worley, M.D.**

Plaintiff asserts the ALJ reversibly erred by not properly assessing the opinion of treating physician Worley.  ECF No. 18 at 13-17.  Defendant responds that Dr. Worley's opinion was inconsistent with the record, including all of the other medical and nonmedical opinions.  ECF No. 19 at 14-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources.  20 C.F.R. § 416.920c(a).  Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 416.920c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations make clear that the supportability and consistency

of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how he considered the other factors, but he is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. 20 C.F.R. § 416.920c(b)(2)-(3).

>Supportability and consistency are further explained in the regulations:
>
>(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
>(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

On March 27, 2019, Dr. Worley completed a "Domain Statement for Child" form provided by Plaintiff's attorney. Tr. 435-437. Dr. Worley opined Plaintiff had a marked limitation in acquiring and using information and a marked limitation in attending and completing tasks. Tr. 435.

The ALJ found the opinions of Dr. Worley "not persuasive" and indicated that while Dr. Worley supported her opinions with an explanation, "the totality of the evidence received at the hearing level is consistent with different limitations." Tr. 25.

Although the ALJ provided some examples of potential inconsistencies, the ALJ failed to identify any specific inconsistency between Dr. Worley's opinion and this evidence. *See* Tr. 25-26. Moreover, the ALJ's analysis provides no

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

1 discussion whatsoever regarding supportability. Tr. 25-26. The Court therefore
2 finds the ALJ failed to adequately evaluate Dr. Worley's opinion in terms of its
3 consistency and supportability, as required by the regulations. *See* 20 C.F.R.
4 § 416.920c(b). The ALJ shall reassess the opinion of Dr. Worley on remand.

**B.    Reynalda C.**

Plaintiff contends the ALJ also erred by failing to assess the testimony of Plaintiff's Mother, Reynalda C. ECF No. 18 at 17-18. Defendant responds that the ALJ "thoroughly discussed Plaintiff's lay witness statement and explained why it was not consistent with the medical and other evidence." ECF No. 19 at 17-18.

In a childhood disability case, "where the child is unable to adequately describe her symptoms, the Commissioner accepts the testimony of a person most familiar with the child's condition, such as a parent." *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001) *quoting Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997). In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses. *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). When an ALJ discounts a parent's testimony, she must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

While the ALJ noted Reynalda C.'s statements, *see* Tr. 22 citing Tr. 309-317, the ALJ only repeated the information provided by Reynalda C. and did not specifically indicate whether it was persuasive, Tr. 22. The ALJ provided no rationale for discounting Reynalda C., Tr. 22, thus any rejection of Reynalda C.'s statement or testimony is not supported.

Defendant argues Reynalda C.'s statements were inconsistent with the opinions of Dr. Dian, the state agency reviewing psychologists, Ms. Alvarez, and, to a large extent, Dr. Worley. ECF No. 19 at 17. However, the ALJ did not invoke these factors in the context of evaluating Reynalda C.'s lay witness statements. *See* Tr. 22. The Court is constrained to review only the reasons provided by the ALJ and may not affirm on a ground upon which the ALJ did not rely. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

On remand, the ALJ shall also be required to specifically consider the persuasiveness of Reynalda C.'s statements and testimony.

**C.    Functional Equivalence**

Plaintiff contends the ALJ erred at step three of the sequential evaluation process by failing to properly assess the domains of functioning. ECF No. 18 at 3-12. Defendant asserts the ALJ's analysis was sufficient and substantial evidence supports the ALJ's determination that Plaintiff's impairments are not functionally equivalent to the severity of a listed impairment. ECF No. 19 at 4-12.

To functionally equal the Listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked limitation" in a domain results when the child's impairment "interferes seriously" with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme limitation" in a domain results when the child's impairment interferes "very seriously" with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

The ALJ weighed the evidence in the administrative record and the hearing testimony and found Plaintiff had a marked limitation in acquiring and using information, Tr. 22, but less than a marked limitation in attending and completing tasks, no limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in caring for herself, and no

limitation in health and physical well-being, Tr. 23-24.  Plaintiff argues the ALJ erred because the record reflects at least marked limitations in the domains of attending and completing tasks, caring for yourself, and health and physical well-being.  ECF No. 18 at 3-12.

In the domain of attending and completing tasks, an ALJ considers "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them."  20 C.F.R. § 416.926a(h).  A claimant may be limited in attending and completing tasks if she (1) is easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) is slow to focus on or fails to complete activities of interest to her; (3) repeatedly become sidetracked from her activities or frequently interrupt others; (4) is easily frustrated and gives up on tasks, including ones she is capable of completing; or (5) requires extra supervision to keep her engaged in an activity.  20 C.F.R. § 416.926a(h)(3)(i)-(v).

In the domain of caring for oneself, an ALJ considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area."  20 C.F.R. § 416.926a(k).

In the domain of health and physical well-being, an ALJ considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on your functioning" not previously addressed in 20 C.F.R. § 416.926a(j).  20 C.F.R. § 416.926a(l).  A claimant may be limited in health and physical well-being if she (1) has generalized symptoms, such as weakness, dizziness, agitation, lethargy, or psychomotor retardation because of her impairments; (2) has somatic complaints related to her impairments; (3) has limitations in physical functioning because of treatment; (4) has exacerbations

from one impairment or a combination of impairments that interferes with her physical functioning; or (5) is medically fragile and needs intensive medical care to maintain her level of health and physical well-being.

20 C.F.R. § 416.926a(l)(4)(i)-(v).

As discussed above, the ALJ erred in this case by failing to adequately assess the statements and opinions of Dr. Worley and Reynalda C. *See supra*. Given these errors, the Court finds a new analysis of the domains of functioning, after a reconsideration and proper evaluation of their statements and opinions, is also warranted.

### D. Fetal Alcohol Spectrum Disorder

Plaintiff also asserts the ALJ erred by failing to consider the impact of her Fetal Alcohol Spectrum Disorder in this case. ECF No. 18 at 19-20. Defendant responds that while the ALJ reasonably declined to find Fetal Alcohol Spectrum Disorder was a severe impairment in this case, the only physical findings suggestive of this impairment was Plaintiff's learning disability, which the ALJ considered throughout the decision. ECF No. 19 at 18.

Given the errors noted above, and the necessity of a remand in this case, the Court finds that, on remand, the ALJ shall also specifically consider the impact, if any, of Plaintiff's Fetal Alcohol Spectrum Disorder on Plaintiff's functioning.

### CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings. The Court has the discretion to "remand a case either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court

///

agrees with Plaintiff that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider Plaintiff's disability claim utilizing the "Whole Child" approach. SSR 09-1p; *see also* 20 C.F.R. § 416.926a(b)-(c). The ALJ shall reconsider Dr. Worley's opinion in terms of its consistency and supportability as required by the new regulations; consider the persuasiveness of Reynalda C.'s statements and testimony; consider the impact, if any, of Plaintiff's Fetal Alcohol Spectrum Disorder on Plaintiff's functioning; and provide a new analysis of the domains of functioning. The ALJ shall also take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 12, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13